Hines & Hobbs, plaintiffs in error, *vs.* H. I. Kimball & Company, and Roland B. Hall, claimant, defendants in error.

When there is a levy of an attachment and a claim, the claimant may move, upon the motion docket, to dismiss the attachment for any good cause of objections thereto.

When an attachment affidavit stated that H. I. Kimball & Company, said firm composed of Hannibal I. Kimball and certain parties unknown to the deponent, are justly indebted, etc., and that said Hannibal I. Kimball & Company absconds :

*Held,* That this was a sufficient affidavit on which to issue an attachment against the effects of H. I. Kimball & Company.

Attachment. Claim. Affidavit. Before Judge Strozier. Dougherty Superior Court. October Term, 1872.

Hines & Hobbs sued out an attachment against H. I. Kimball & Company, upon an affidavit to the effect "that Hannibal I. Kimball & Company, said firm composed of said Hannibal I. Kimball, and certain parties unknown to deponent, are indebted to said firm of Hines & Hobbs in the sum of five thousand, five hundred and thirty-seven dollars and seventy-five cents, ($5,537 75) and that said Hannibal I. Kimball & Company absconds." The attachment was levied upon certain personalty as the property of defendants, which was claimed by Roland B. Hall. Upon the trial of the issue formed by said claim, a motion was made to dismiss the attachment, which was sustained upon the following grounds, to-wit:

1st. Because the attachment affidavit was insufficient to sustain an attachment either against H. I. Kimball or H. I. Kimball & Company.

2d. Because an attachment affidavit is not amendable.

3d. Because a claimant to property levied on under attachment is such a party in interest as can make such a motion.

Whereupon plaintiffs excepted, and assign said ruling as error.

HINES & HOBBS, for plaintiffs in error.

SMITH & JONES; R. F. LYON, for defendants.

McCAY, Judge.

Without question, a claimant may attack the plaintiff's judgment for any thing which makes it void. He may do this even collaterally on the trial of the claim. So, too, does it seem to us he can do it directly by a motion in the Court of its origin: Revised Code, sections 3534, 3535, 3538. We do not think this attachment void. It sets forth that H. I. Kimball & Company are indebted; that H. I. Kimball & Company are a firm of which the partners are H. I. Kimball and other persons to the affiant unknown, and that H. I. Kimball & Company abscond.

It is said that this is only saying that H. I. Kimball absconds, since it is impossible that the affiant can swear that the firm absconds, when he knows none of the firm but H. I. Kimball. But this is not clear. He may well know that H. I. Kimball and various other persons, some of whom were his partners, have all gone, and yet not be able to say distinctly which ones of the lot were the partners. He swears that the firm—all of it, has absconded. This may be true, it may not. But if the affidavit is admitted, as it must be on a demurrer, we think it is sufficient. It swears all that the law requires—the existence of the debt and of the firm, and that the firm absconds.

Judgment reversed.