STARR *vs.* MAYER & COMPANY.

1. Where all the partners are in a situation that would authorize their individual creditors to sue out attachments against them respect-

ively, a creditor of the firm may procure an attachment against the partnership, and have the same levied upon the partnership effects.

2. Declaration in attachment is amendable. Misjoinder of defendants may thus be corrected, where the declaration includes a defendant against whom the attachment did not issue.

3. Generally, the rejection of parol evidence going to show the terms of a written contract, is correct. In order for the rejection of any evidence contained in answers offered by the plaintiff to be ground for new trial in behalf of the defendant, it ought to appear affirmatively that the rejection was not on the motion of the defendant himself. Even the improper rejection of evidence is not ground for new trial where the verdict is clearly right, and where the excluded evidence, if admitted, could not have varied the result.

3. After a document has been produced under a *subpœna duces tecum*, the sufficiency of the *subpœna* as a means of compelling production is not a material question in the case.

Attachment. Partnership. Amendment. Evidence. Practice in the Supreme Court. New trial. Production of papers. Before Judge CRISP. Lee Superior Court. November Term, 1877.

Alfriend, as attorney at law for Mayer & Co., made the following affidavit for attachment: that " to the best of his knowledge and belief, Starr & Cowart, said firm composed of Addison Starr and T. E. J. Cowart, and H. Rosenstein, are indebted to S. Mayer & Co., in the sum of $200.00, besides $—— interest. That said Addison Starr, one of the above firm, resides out of the state of Georgia, and that T. E. J. Cowart is about to remove beyond the limits of the county of Lee." Sworn to, etc. Attachment issued and was levied upon certain personalty as the property of Starr & Cowart. Declaration was filed against Rosenstein as drawer, and Starr & Cowart as acceptors, of a draft for $235.00, dated December 10th, 1874, and accepted for $200.00. Starr pleaded no partnership and *non est factum.*

When the case came on for trial, counsel for Starr moved to dismiss the attachment proceedings upon the following grounds: 1st. Because there was no sufficient declaration filed at the first term. 2d. Because the attachment was illegal, it being against Starr & Cowart, as partners, on a partnership debt. 3d. Because it was levied upon certain per-

sonalty as the property of the firm. 4th. Because the declaration was against Rosenstein as drawer and Starr & Cowart as acceptors, in the same action.

The plaintiffs, by amendment, dismissed as to Rosenstein. The motion was then overruled.

Cowart was examined by interrogatories in behalf of the plaintiff, and testified, amongst other things, that his authority for signing the firm name was the written contract between him and Starr, and that it was in possession of the latter ; that the negotiable notes and similar papers, made and taken up by him for Starr & Cowart, were executed by him in Starr's absence, but with his knowledge and consent; that his authority was the written contract above referred to. On objection this evidence was excluded, but it nowhere appears whether the objection came from the plaintiffs or the defendant.

Objection was made by the defendant to the sufficiency of a *subpœna duces tecum*, requiring the production of certain documentary evidence. The objection was overruled and the documents produced.

The contract between Starr and Cowart, a letter from the former, and the other evidence introduced, fully sustained the plaintiff's case, and so the jury found. Starr moved for a new trial because of the refusal to dismiss the attachment, the allowance of the amendment, the admission of the above testimony, and the overruling the objection to the *subpœna duces tecum*.

A new trial was refused, and the defendant excepted.

R. F. Lyon; W. A. Hawkins ; Fred. H. West, for plaintiff in error.

Alfriend & Armstrong ; D. H. Pope, by brief, for defendants.

Bleckley, Judge.

A partnership is subject to attachment at the instance of its creditors, where each and every member of the firm is

in a situation that would expose him to the like process for his individual debts, at the instance of his individual creditors. Of course, if the attachment has properly issued against the partnership, it can be levied upon the partnership effects. 47 *Ga.*, 587; 19 *Ib.*, 84. The case falls under section 3264 of the Code. When the *debtor* is a partnership, the debtor is in a situation to be attached whenever all the members composing the firm are in that situation. Section 3276 of the Code provides for a different case. It gives the remedy to a creditor of the partnership, against the individual property of a single member of the firm, who may be in a situation authorizing attachment to issue.

2. Declaration in attachment is amendable as in other cases at common law. Code, §3316. Misjoinder of defendants is amendable. *Ib.*, §3485. The declaration embraced a person as defendant against whom the attachment did not issue. It was proper to strike him out whenever the defect was discovered.

3. We need not rule definitely on the competency of the parol evidence which was rejected. It seems to fall within the general rule, that parol evidence is not admissible to show the terms of a written contract. But the evidence excluded was contained in answers offered by the plaintiffs below, and the complaint that it was ruled out comes from the defendant. Perhaps the defendant objected, and the action of the court may have been induced by that objection. It does not appear who interposed objection; and that the defendant did not, ought to appear affirmatively, in order for him to avail himself of the matter as a ground for new trial. Further, it may be observed, that the verdict is clearly right, and that the excluded evidence, had it been admitted, could not rightfully have varied the result.

4. The sufficiency of the *snbpœna duces tecum* is evidently not a practical question in the case, for the witness produced the document under it. That was enough for the *subpœna* to accomplish, whether it was good or bad. It brought up the paper.

Judgment affirmed.