BARBOUR, administratrix, vs. ALBANY LODGE, No. 24. FREE
           AND ACCEPTED MASONS et al.

1. Some person must be sued, either natural or artificial. Where suit was brought against "Albany Lodge, No. 24, Free and Accepted Masons " and "Albany Chapter, No. 15, Royal Arch Masons," without alleging either that the defendants were corporations, or that the members were partners, so as to be sued as such, there was no party defendant, and a demurrer was properly sustained.

2. No person being sued, no case was in court, and there was nothing to amend by.

September 16, 1884.

Parties. Corporations. Amendment. Before Judge Bower. Dougherty Superior Court. April Term, 1884.

E. L. Barbour, as administratrix of S. L. Barbour, brought complaint in the statutory form, alleging as follows:

"That Albany Lodge, No 24, Free and Accepted Masons, and Albany Chapter, No. 15. Royal Arch Masons, of said county, the names of the parties composing which lodges are unknown to petitioner, but

which she prays leave to insert herein [when] ascertained, and that the presiding officers be required to disclose in their answer to this suit, are indebted to your petitioner, as such administratrix, in the principal sum of $100 and interest on said sum from January 1, 1860, all on a paper issued by said lodge, a copy of which is attached, which said defendant refuses to pay.

" Wherefore your petitioner prays process may issue requiring the said defendant to be and appear at the next court aforesaid to answer your petitioner's complaint."

The paper attached to the declaration was as follows :

"ALBANY, GA., Jan. 1st, 1860.

" $100.   Received of Samuel L. Barbour, one hundred dollars, being his subscription to the building fund of Albany Lodge, No. 24, F. and A. M., and Albany Chapter, No. 15, of R. A. M., for the purpose of purchasing and fitting up the third story of Mayer's building, corner of Broad and Washington streets, Albany, Ga., for Masonic purposes, conditioned on the part of said Lodge and Chapter, that they pay annually to said Samuel L. Barbour, seven per cent interest, and *pro rata* of the proceeds of said Lodge and Chapter, not otherwise appropriated.

"F. M. Thompson, H. P. } Albany
"James M. Mercer, K.    } Chapter,
" Geo. B. King, *pro tem.* S. } No. 15.

"T. H. Johnston, W. M.   } Albany
"J. J. Park, S. W.       } Lodge,
" S. F. deGraffenreid, J. W. } No. 24."

When the case was called for trial, the defendants demurred *ore tenus* to the declaration, on the following grounds :

(1.) The names of the parties composing the defendants were not set out therein. (2.) The discovery sought therein was not sufficient.   (3.) The debt was barred by statute limitations, on it face.   (4.) They were not incorporated companies, and the contract sued on did not show the defendants were liable thereon.   (5.) The judge, on his own motion, suggested : " The declaration did not show any legal succession between the parties contracting and sued, neither by charter nor by the purposes and objects of the associations being recorded, according to law, in the clerk's office."

During the hearing of the demurrer, the plaintiff asked

the court to require the defendants to file a list of all the names composing the lodges, which the court refused. The plaintiff then offered to amend her declaration in writing, by adding " when " between the words " herein " and "ascertained," and by adding the following words :

" And that the contract sued on was the act and deed of the said lodges, by their duly authorized agents and servants, and that the same has since been duly and legally ratified by said lodges, in the acceptance and use of the property for which said contract was created, and that they are now in the possession, use and enjoyment of said property. And petitioner further shows that said lodges annually elect officers who succeed those last in office, and that the members of said lodges have changed since the making of said contract; and she prays that a judgment may be entered so as to condemn the the property for which said contract was made, to-wit, the property set out in said contract."

The court refused both said amendments, and sustained the demurrer.    Plaintiff excepted.

D. H. Pope, for plaintiff in error.

H. Morgan, for defendants.

Jackson, Chief Justice.

This was an action brought by E. L. Barbour, administratrix, against Albany Lodge, No. 24, Free and Accepted Masons, and Albany Chapter, No. 15, Royal Arch Masons. Defendants demurred, on the ground, among others, that nobody was sued ; it was sustained, and plaintiff excepted. It was not alleged that defendants were corporations, so as to be liable as such, nor were the Masons alleged to be partners, so as to be sued as such, not a single partner or person being named.

1. Some person must be sued, either natural or artificial. No person is sued in this complaint; therefore the demurrer was good.

2. No person being sued, no case was in court, and there was nothing to amend by.

Judgment affirmed.