## DeLeon *vs.* Heller, Hirsch & Company.

1. If an attachment was demurrable for want of the affidavit required by law to support it, such demurrer could be made and the attachment dismissed at the first term; nor does the fact that a plaintiff in attachment has all of the first term within which to file his declaration, prevent the making and hearing of a demurrer to the attachment for want of a proper affidavit to support it at that term.

2. Where an affidavit to obtain an attachment stated "that Heller, Hirsch & Co. are indebted to deponent in the sum of fourteen hundred and eighty-two dollars and twenty-five cents, and that said Heller, Hirsch & Co. reside out of the State," and where the attachment issued thereon was levied and a replevy bond was given by Heller, Hirsch & Co. in that name, it was error to dismiss the attachment because the names of the partners were not set out. The object of the process was to bring the firm into court; and having accomplished that purpose, and the firm having given a replevy bond, it was too late to move to dismiss the attachment because of the failure to state the names of the firm.

(*a*) This case does not fall within the ruling in *Barbour vs. Albany Lodge*, 73 *Ga.* 474.

(*b.*) If the ground of the attachment, as, in this case, the residence outside of the State, were not set out and sworn to clearly, thereby making the attachment illegal and void, then a strict construction would be right and a dismissal proper; but there is no such defect in this case, but only an omission of the individual names of the partners composing the defendants' firm.

November 9, 1886.

Practice in Superior Court. Attachment. Process. Partnership. Before Judge Harden. City Court of Savannah. May Term, 1886.

Reported in the decision.

Charlton & Mackall, for plaintiff in error.

C. N. West, by R. G. Erwin, for defendants.

Jackson, Chief Justice.

The affidavit for attachment in this case is in these words: "That Heller, Hirsch & Company are indebted to

deponent in the sum of four hundred and eighty-two dollars and twenty-five cents, and that said Heller, Hirsch & Company reside out of the State." On motion, the writ of attachment was dismissed at the first term "for want of conformity of the attachment affidavit to law." Two errors are assigned to this judgment: first, that it was premature, being rendered at the first term ; and secondly, because the affidavit conforms sufficiently to the law, especially as Heller, Hirsch & Company replevied and gave security by a bond given by them in that name of Heller, Hirsch & Company.

1. The case, it is true, was not on trial at the first term on the merits ; but the attachment, if demurrable for want of the affidavit required by law to support it, was then, at the first term, in regular order to be demurred to and dismissed for the illegality of the affidavit. It is true also, as insisted by the counsel for plaintiff in error, that the plaintiff in attachment has all of the first term within which to file his declaration, the language of the statute being that the "plaintiff shall file his declaration at the first term." It is a sort of prohibition upon him from filing it afterwards, and a warning not to neglect to file it at the first term. It is codified, doubtless, from the case of *Birdsong & Sledge vs. Brooks*, 7 *Ga.* 88, where "may" of the old statute was construed to mean "shall," thus making the duty imperative, and so codifying it in section 3308 of the code. It does not follow, however, that the court shall wait upon the plaintiff to file it until the last day of the court, before entertaining a motion to dismiss. The plaintiff must be ready for such a motion when the motion docket is called, or the attachment case reached on its docket. Whether the party plaintiff may, after dismissal of the attachment, file his declaration, is not made a question here now and we do not pass upon it, my own inclination being strong that he cannot declare where no case is in court; courts

rarely grant privileges to the negligent and slothful in any case.

2. But is this affidavit insufficient in view of the facts of this case? What is this affidavit and attachment? It is but the process that brings the non-resident into the court to answer a complaint to be made against him for the reason that the ordinary process cannot be served upon him. At common law, all suits were so begun—that is, by attachment of person or property; but ordinarily, by statute here, the mere service of process requiring the defendant to appear at court, served personally or at his most notorious place of abode, is the mode of calling him to answer. See Cobb's Digest, pp. 69, 70, which shows that by the act of 1799, it is declared that attachments were granted only when the defendant puts himself, by non-residence, or actually removing or absconding or concealing himself, or standing in defiance of a peace officer, in a position "so that the ordinary process of law cannot be served on him." True, since it has been extended to other positions or circumstances; but all look to some act still that makes ordinary process impotent to reach him and his property.

This being, then, process to try the issue of indebtedness against the defendant, it is enough so to name him in the process as to secure appearance, if he see fit to appear in person and answer the declaration when filed, or if he see fit to replevy the property seized, and thus become responsible with his surety for the finding and judgment on the declaration when filed. Therefore our statute makes notice upon him, or his replevy of the property by giving a good surety, sufficient to support, not only a judgment on the declaration and an execution on the judgment to be levied on the property attached, but a general judgment and execution on all his property that can be found. This defendant, then Heller, Hirsch & Co., by putting in this replevy bond in this case, did the equivalent of appearing and announcing ready to plead to the declaration when

filed, and became responsible to answer to the personal indebtedness declared against it, and to pay whatever is found to be due by it. Code, §§3319, 3328.

It follows that the declaration is the real pleading in the case, and that the answer to it makes the issue of indebtedness and its amount. It is that declaration that describes the persons who compose the firm; and the process against the firm without naming it is sufficient if it brings the firm into court, and it does bring it in if it replevies under our statute law. Code, §3328.

Suppose, under ordinary process against the firm name only, as naked in other respects as is this affidavit, it appears and answers the declaration, would the process be void and the party discharged by dismissing the case? Surely not; because the process has answered its purpose, and the party has notice and is in court. So here he has the equivalent of notice by replevying the property. Even final process is good against a firm without naming its individual members. Code, §§1899, 3576. Shall not the *mesne* process which brought the partners in suffice?

Further, "Partners suing or being sued in their firm name, the partnership need not be proved unless denied by the defendant upon oath on plea in abatement filed." Code, §1898. It would thus seem that they may be sued in their firm name perhaps; even declared upon by that name alone. If so declared upon, and if the firm answer to the name by which they are sued, surely it would be too late to deny the name and dismiss the suit or plead in abatement.

But the ingenious counsel insists that, as the affidavit does not allege the partnership, nobody is sued and cites *Barbour vs. Albany Lodge, No. 24, Free and Accepted Masons, and Albany Chapter, No. 15, Royal Arch Masons*, 73 *Ga.* 474, as in point. But the distinction is that nobody was named there, no corporation or individual or firm or anything like a firm. In this case, Heller is named, Hirsch is named and company is appended, thereby clearly

DeLeon *vs.* Heller, Hirsch & Company.

indicating a firm of partners bearing that name. It may be Heller Hirsch—one man and company—which would bring the case within *Hines & Hobbs vs. H. I. Kimball & Co.*, 47 *Ga.* 587.

In the case of the masons, no man was named—nothing like the name of a man, but evidently an entity which could sue or be sued only as a corporation. It must be remembered, too, that the names of individuals composing a partnership are not easily procured, and the mode of making men answer for debts when non-resident or absconding or moving off, requires rapidity of motion and action, and the affidavit must be made on the spur of the moment. Such irregularities as the failure to set out individual names—all of them—of a partnership, especially a foreign partnership, and more especially when it replevies the property by the same name used in the affidavit of attachment, should not, in our judgment, defeat and render void the attachment process.

If the ground of the attachment, as, in this case, the foreign residence outside this State, which goes to the whole merit of the attachment process, was not set out and sworn to clearly, and thus the attachment was illegal and void, then a strict construction would be right and the dismissal would be proper and necessary in law; but this is no such defect, but only an omission of individual names that compose the firm of Heller, Hirsch & Co. And such distinction is taken, we think, in 54th *Ga.* 680 ; 60th *Id.* 113 ; *Walter vs. Kierstead,* 74 *Ga.* 18, and also in other cases. See also *Chambers, Jeffers & Co. vs. Sloan, Hawkins & Co.* 19 *Ga.* 84, and *Reynolds vs. Jordan, Id.* 436 ; also *Thompson vs. Wright,* 22 *Ga.* 607, 613.

Judgment reversed.