17246.   HAGLER *et al. v.* PACIFIC FIRE INSURANCE COMPANY.

STEPHENS, J.   1. A petition against an insurance company, wherein it is alleged that at the time of the issuance of the policy sued on the defendant was represented by named agents in the county in which the suit is filed, ·alleges jurisdiction in that county, as provided in section 2563 of the Civil Code (1910). Process issued thereon in the usual form, directed to the sheriff of the county, requiring the defendant to be and

Insurance, 33 C..J. p. 82, n. 95; p. 155, n. 83, 88 New.

appear at the term of the court to which the suit is returnable, is valid. Service upon the defendant company under such process could be perfected, under section 2564, by leaving a copy of the petition with the company's agent in the county, if there be one. The fact that no legal service could be perfected upon the defendant insurance company in this case, because at the time of filing the petition there was no agent of the defendant in the county upon whom service could be legally perfected, does not affect the validity of the process, but affects only the validity of the service perfected by serving the former agent in the county, who, at the time of service, was not an agent of the company and upon whom legal service could not be perfected. The process, therefore, being valid, was subject to amendment. This case is distinguishable from that of *Union Marine Fire Ins. Co.* v. *McDermott*, 31 *Ga. App.* 676 (121 S. E. 849). In that case the petition affirmatively showed that the defendant had no agent or place of business in the county upon whom service could be perfected, and did not show that there was an agent elsewhere upon whom service could be perfected, and therefore the clerk was wholly without power to issue any process at all, while in the instant case it does not appear from the petition that there was no agent of the defendant company in the county upon whom service could be perfected.

2. Where, in such a suit, it was, at the return term, made to appear to the court that the service actually made under the process was defective and constituted no legal service upon the defendant, in that service was perfected upon a person who had been an agent of the defendant insurance company at the date of the issuance of the policy, but who, at the date of the filing of the suit, had ceased to be an agent of the company, and where it was further made to appear to the court that there was no agent of the defendant company within the county in which the petition was filed and in which the policy sued on was issued, and that no legal service could be perfected within that county, and where it was also at that time made to appear to the court that a certain person in an adjoining county in the State was an agent of the company upon whom service could legally be perfected, as provided in sections 2563 and 2564 of the Civil Code (1910), the court had the power to pass an order then in term time directing that a second original of the suit· issue, and that the process be amended and be directed to the sheriff of the latter county, and that service be perfected upon the agent in the latter county, returnable to the next term of court, which, for this case, was made the appearance term.

3. Where the new process actually issued pursuant to the order of court, which was actually served upon the agent of the defendant company in the adjoining county by the sheriff of that county, was not directed to the sheriff, or any of his deputies, in the latter county, but was in fact directed to the sheriff of the county in which the petition was filed, it was not invalid, but was further amendable by being directed to the sheriff of the adjoining county in which the agent resided; and the court, at the term to which the process was returnable, had power to pass a further order directing that the amended process be further amended and be directed to the sheriff of the adjoining county, and that the petition and the last amended process be, by the sheriff of the adjoining county, served upon the agent residing therein, and that the

suit be made returnable to the next term of court, which term was designated as the appearance term of the case.

4. Where service was perfected under the last named order of the court by the sheriff of the adjoining county, under process directed to him and served upon the agent of the defendant company in that county, and returned, pursuant to the order of the court, to the next term of the superior court of the county in which the suit was pending, the service was valid and legal, under a valid process; and at a subsequent term of court the suit was not subject to dismissal upon the ground that the original process was void and the subsequent amendments thereto were also void.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 2, 1927.

Complaint on fire policy; from Campbell superior court—Judge Hutcheson. February 3, 1926.

Application for certiorari was made to the Supreme Court.

*E. J. Reagan, W. G. Hollingsworth,* for plaintiffs.

*Smith, Hammond & Smith, W. G. Post,* for defendant.