37310. LUMBERMEN'S UNDERWRITING ALLIANCE *v.*
FIRST NATIONAL BANK & TRUST COMPANY.

DECIDED SEPTEMBER 25, 1958—
REHEARING DENIED OCTOBER 7, 1958.

298

*Hamilton Napier, Larsen & Larsen, Bloch, Hall, Groover & Hawkins*, for plaintiff in error.

*Hal M. Smith, Nelson & Nelson, Jones, Sparks, Benton & Cork*, contra.

GARDNER, Presiding Judge. The general demurrer contains three paragraphs which we shall take up separately. Paragraph 1 of the general demurrer goes to the venue. The record shows that at the time the loss occurred the defendant had an agent in Laurens County, Georgia, and that the defendant was such an insurance writer as could be sued on the insurance policy in the Superior Court of Laurens County in regard to the insurance policy which the defendant issued. Code § 56-601 reads: "Whenever any person shall have any claim or demand upon any insurance company having agencies or more than one place of doing business, such person may institute suit against the company in the county where the principal office of the company is located, or in any county where the company shall have an agent or place of doing business, or in any county where such agent or place of doing business was located at the time the cause of action accrued or the contract was made, out of which said cause of action arose. (Acts 1861, pp. 58, 59; 1862-3, p. 161; 1878-9, p. 54; 1902, p. 53.)" In *Hagler v. Pacific Fire Ins. Co.*, 36 *Ga. App.* 530 (137 S. E. 293) this court held that when a petition is brought against an insurance company which petition shows that at the time of the issuance of the policy on which suit was brought, the defendant was represented by an agent in the county in which the suit was filed, jurisdiction lies in such county. Code § 56-231 reads as follows: "All laws regulating

the business of insurance in this State by companies shall apply to individuals, *associations*, and corporations in like business. (Acts 1893, p. 81.)" (Italics ours.) It must be remembered that all statutes as to venue must be strictly construed. See *Heyman* v. *Heyman*, 19 *Ga. App.* 634 (92 S. E. 25) and *Sugar & Bro.* v. *Sackett, Davis & Potter*, 13 *Ga.* 462.

The defendant in his brief states as follows: "This defendant recognizes its liability under the laws of Georgia to comply with all of the laws of Georgia 'regulating the business of insurance', has complied with such regulations and has obtained a license to do business in Georgia evidencing such compliance. However, defendant contends that Section 56-601, above quoted, is not a law 'regulating the business of insurance' and thus is not applicable to this defendant which is not an insurance company, being a voluntary association of individuals, partnerships and corporations subscribing among themselves through an attorney in fact to insure each other."

We think it well at this point to quote in part the Standard Fire Policy which was issued by the defendant:

"Standard Fire Policy.

Lumbermen's Underwriting Alliance.

| | | | |
|---|---|---|---|
| "Fire and lightning | $66,550.00 | 3.371 | $2,827.36 |
| Extended coverage | ———— | .495 | $ 415.17 |
| Windstorm and hail | $———— | ———— | $———— |
| ———————— | | ———— | $———— |

Additional coverages (when endorsement attached)

Total Premium $3,242.53

No insurance attached in connection with the above listed perils unless specific 'premium' therefor is specified in the face of this policy or in endorsements attached hereto.

"In consideration of the provisions and stipulations herein or printed on the back hereof or added hereto and of the premium above specified (or specified in endorsement attached hereto) this company for the term of one year and 95 days from July 29, 1958, at noon (Standard time) to November 1, 1958 at noon (Standard time) at location of property involved to an amount not exceeding the amount above specified, does insure W. L,

Jessup, Jr., d/b/a Brooks Jessup Lumber Company, Eastman, Georgia, and legal representatives, to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair, and without compensation for loss resulting from interruption of business or manufacture, nor in any event for more than the interest of the insured against all direct loss by fire, lightning and by removal from premises endangered by the perils insured against in this policy except as hereinafter provided to the property described hereinafter while located or contained as described in this policy, or pro rata for five days at each proper place to which any of the property shall necessarily be removed for preservation from the perils insured against in this policy, but not elsewhere.

| 1<br>Item<br>No. | Amt.<br>Fire<br>or<br>Fire<br>and Ext.<br>Cover-<br>age, or<br>other<br>peril | 2<br>Per<br>Cent<br>Co-<br>Insur-<br>ance<br>Appli-<br>cable | Amt.<br>Other<br>Peril<br>if<br>Differ-<br>ent<br>Than<br>Fire | 3<br>Per<br>Cent<br>Co-<br>Insur-<br>ance<br>Appli-<br>cable | 4<br>Description and location of<br>property covered. Show con-<br>struction, type of roof and<br>occupancy of building(s)<br>covered or containing the<br>property covered. If occu-<br>pied as a dwelling state No.<br>of families. |
|---|---|---|---|---|---|

"See Form Attached.

Total insurance—See form attached—Item 1. $_____;
Item 2. $_____; Item 3. $_____; Item 4. $_____
Valuation clause (Applicable only in the State of Florida and South Carolina)—See form attached—Item $_____; Item $_____;
Subject to Form No(s)_____herein. Mortgage clauses subject to the provisions of the mortgage clause attached hereto, loss, if any, shall be payable to: _____

"Assignment of this policy shall not be valid except with the written consent of the company.

"In witness whereof, the said attorney has executed these presents for the subscribers but this policy shall not be valid until countersigned.

"U. S. Epperson Underwriting Company.
Attorney in fact.

l/s A. H. Thurman      l/s E. M. Lynn
     Secretary      President
Dated August 14, 1957      l/s T. S. Den,
     Agent"

(Then follows an extended coverage which shows additional premiums, the total amount of the coverage being $68,500 on certain described property.)

"All of the above described properties while situated on premises occupied by the insured on McRae Highway, (east side) approximately five miles south of Eastman, Georgia.
90% Co-insurance applies to item #24 only
80% Co-insurance applies to item #14 only

"Attached to and forming part of policy No. 41911.

"Balance of form remains unchanged.
of Lumbermen's Underwriting Alliance of Kansas City, Mo. Dated August 19, 1957."

There was an endorsement of this policy to the First National Bank & Trust Company of Macon, as its interest might appear at the time of loss.

The act of 1958 (Ga. L. 1958, p. 623) provides that reciprocal insurers shall sue and be sued in the business name of the said insurer. The act of 1958 (Ga. L. 1958, p. 649, Sec. 12) provides that "Any reciprocal exchange transacting business in the State of Georgia may sue or be sued in the name or designation under which its contracts are authorized to be exchanged." That same act provides in Sec. 2 that contracts may be executed by an attorney in fact "provided that such attorney may be a corporation." It must be remembered that the policy was issued under date of October 22, 1956. The proof of loss was dated October _____ 1957. At the time the loss occurred the defendant had an agent in Laurens County. At the time the suit was ready for filing, the agent in Laurens County had left Laurens County and the suit was served upon Smythe Gambrell designated by the defendant as one to accept service. Also nonjoinder of parties, even if there are parties who should be joined, is not grounds for a general demurrer. See Hand v. Dexter, 41 Ga. 454. The jurisdiction was properly in Laurens County.

We come next to consider the second paragraph of the general demurrer to the petition to the effect that the petition sets out no cause of action against the defendant. We have set out the pleadings in detail and thoroughly agree with the trial court that the general demurrer should have been overruled, as was done. And as to paragraph 3 of the general demurrer in regard to the defendant not being a legal entity, the answer and amended answer as well as the demurrers have been in the name of the Lumbermen's Underwriting Alliance. Counsel for the defendant argues that individuals should have been sued rather than the defendant Lumbermen's Underwriting Alliance. Under the pleadings in this case it is clear to us that the Lumbermen's Underwriting Alliance is a legal entity, subject to sue and be sued through an agent.

The court properly overruled the general demurrer to the petition.

2. Paragraph 4 is a special demurrer which attempts to show that the defendant is a legal nullity composed of a voluntary association of subscribers who are individuals, partnerships and corporations, and that said subscribers are necessary and indispensable to this action. The Lumbermen's Underwriting Alliance was formed as an unincorporated reciprocal insurance exchange. As far back as 1939 the laws of Georgia recognized the formation of insurance exchanges for certain purposes. It seems to us inconsistent that a group of people should band together and do business of writing any type of insurance policy and then several years later claim themselves to be only individuals disconnected with each other except as individuals and that each or all must be sued. Counsel for the defendant cites a number of cases to the effect that if a suit is brought in a name which is neither that of a natural person, a corporation, nor a partnership, it is a mere nullity. This is a true principle of law so far as it goes but our law does provide, and it has been many times held, that in the case of a legal entity an agent may be served. There is no doubt that the Lumbermen's Underwriting Alliance is a company because the policy itself says: "Whenever the word *company* occurs herein, it means, and shall be taken and construed to mean Lumbermen's Underwriting Alliance [Italics

ours]," and further, the policy reads: "In consideration of the provisions . . . this *company* for the term of three years . . . does insure W. L. Jessup, etc. . . [Italics ours]." The laws of 1958 do not have the remotest implication that the subscribers should be served, but on the other hand it is made completely clear that the only proper party either as plaintiff or defendant in any litigation is the reciprocal exchange. If it is possible (which we do not concede) that a combination of individuals can act as insurors and such individuals could conceivably be scattered throughout the country, and each individual must be sued as individuals, then such procedure is indeed an imposition on the general public. Presumably this legal entity qualified with the State Fire Insurance Commissioner before being allowed to sell fire insurance in the State of Georgia. The court properly overruled this special demurrer.

3. Paragraph 5 demurs specially to the petition in that the petition shows that the defendant is a legal nullity. Inasmuch as we have gone into detail in the division immediately hereinabove, showing that the defendant Lumbermen's Underwriting Alliance is a legal entity we think it unnecessary to go into detail defending the position that it is not a legal nullity. This special ground is not meritorious.

4. Paragraph 6 demurs specially to the petition in that it is alleged that W. L. Jessup, Jr., of Eastman, Dodge County, Georgia, is the real party at interest and is a necessary and indispensable party to this action. W. L. Jessup, Jr., was originally the insured but the policy was endorsed over to the First National Bank & Trust Company of Macon as its interest might appear, as is customary in the trade, and therefore the First National Bank & Trust Company of Macon is properly the party at interest and not W. L. Jessup, Jr. The court properly overruled this special demurrer.

5. Paragraph 7 demurs specially to paragraph 7 of the petition in that it is alleged that the petition is uncertain and indefinite because it does not specify in what manner the demand was made, where such demand was made, by whom and to whom such demand was made. On demurrer the facts in a petition must be considered as true. Moreover the objections to this ground of the demurrer were met by amendment.

6. Paragraph 8 demurs specially to paragraph 8 of the petition in that it is alleged that the same is prejudicial, immaterial, irrelevant, a conclusion of the pleader and is also uncertain in its content. It seems that counsel did not expressly argue in his brief in relation to either paragraph 7 or paragraph 8 of the demurrer and we may therefore consider them as abandoned. However, we might say that in our opinion the court properly overruled both of these demurrers.

7. Paragraph 9 of the demurrer demurs specially to paragraph 9 of the petition and calls upon the plaintiff to itemize the claim of $16,100 covering property which is alleged to have been destroyed by fire. We can not see that this paragraph of the petition is indefinite, uncertain, immaterial, irrelevant, highly prejudicial and a conclusion of the plaintiff unsupported by any allegation of fact. The record speaks for itself and shows the entire procedure. We think the trial court properly overruled this demurrer.

We can not see that there is anything material to be discussed in detail as regards the demurrers filed under date of May 23, 1958. They are substantially the same as the original demurrers and were properly overruled by the trial court.

It will be noted from the pleadings as set out hereinabove that in paragraph 7 of the answer the defendant admits liability for the $16,100 plus 7% from December 12, 1957, which amounts to $425.76 interest, making a total of $16,525.76. Other than that we can not see that the answer of the defendant needs special consideration here. Suffice it to say that the trial court did not err in any of the rulings on demurrer.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*