## WRIGHT *v.* MARTIN.

Where a motion was made to set aside the judgment of the city court of Floyd County in a habeas-corpus proceeding awarding a minor child to the father, on the ground that the judgment was obtained by fraud

practiced on the movant and her counsel by the respondent and his counsel, and the evidence on the hearing of the motion to set aside, though conflicting, supported the allegation of fraud, the court did not err, under the pleadings and evidence in the case, in overruling a motion to dismiss the motion to set aside the judgment, and in ordering that the motion to set aside the judgment be sustained.

No. 2690.   FEBRUARY 22, 1922.

Habeas corpus.   Before Judge Nunnally.   City court of Floyd county.   May 24, 1921.

On February 7, 1921, A. R. Wright filed his petition for habeas corpus against Mrs. Nettie J. Martin (his former wife who had been divorced), seeking to recover the custody of their minor child, Elizabeth Wright.   On February 19, 1921, the defendant filed her answer to the petition for habeas corpus, claiming the legal right to retain the custody of the child.   The hearing of the case was continued until Monday, March 7, 1921, which date was agreed upon to hear the same.   At that time neither the defendant nor the child appearing, the court entered a judgment awarding the custody of the child to the plaintiff.   A few days thereafter the defendant, Mrs. Nettie J. Martin, who had married again, filed a motion to set aside the judgment in the habeas-corpus case, and alleged in substance the following:   The case was set down for hearing February 21, 1921; and by mutual consent, but without any order of court, the case was continued from time to time until by agreement of the parties it was set for hearing March 7, 1921. On the morning of February 6, defendant's attorney at law called her at her home and reminded her that the case was set for trial on March 7, and requested her and her husband to come to his office in order to confer about the case, the summoning of witnesses, etc. Movant informed her attorney that her child " was ill, that on the day before it had 104 degrees of fever, and then had 102 degrees of fever, and that she could not leave said child to attend said court, as she was the only one to nurse it."   Her husband went to her attorney's office about 4 o'clock p. m. on March 6, and also called on movant's physician, who advised that the child could not leave its home on March 7, on account of its illness.   The physician gave a certificate to that effect.   Movant's attorney informed the attorney for the respondent of the illness of the child; and respondent's attorney then stated there could be no trial of the case on March 7, as the child would have to be produced in court, and

suggested that the case be continued until Saturday following, and so that date was agreed upon, and movant was so informed on March 6, respondent's attorney stating at the time that he would call his client and inform him of the situation. It was agreed that an aunt of the respondent should visit the child in order to consider its condition. It is alleged that movant and her attorney in good faith acted on the agreement that the case should be continued until the Saturday following, owing to the fact that neither she nor the child could attend the hearing on the 7th, for the reasons stated above, all of which facts were known to respondent's attorney, who for those reasons consented to the continuance. Movant had filed her answer to the petition, and notified respondent's attorney that it was so filed. The answer set up a complete defense in the case, which movant stood ready to prove; and she now refers to that defense so filed. Relying on the agreement that the case would be continued on March 7, neither movant nor her attorney appeared on March 7; and the respondent did appear and took an undue and unfair advantage of the situation, and appeared with his attorney on March 7 with the petition in the case, but left the answer referred to above in the clerk's office, stating that he did not want it, and knowing that movant was relying upon the agreement; which she alleges was unfair and fraudulent and deprived her of her legal rights. Movant alleges that she has a complete defense to the case, and that no reason existed, had the facts all been heard, in law or otherwise, for taking the child from her; and she prays that the judgment awarding the child to plaintiff be set aside, and that she may have a hearing upon the merits of the case.

The respondent moved to dismiss the motion to set aside the judgment in the habeas-corpus case, upon two grounds: First, because the motion to set aside does not lie to a judgment in a habeas-corpus case, the same not being a proceeding in court, but one before the judge, and the signing of the judgment in a habeas-corpus case ends the matter except by bill of exceptions; that the court had no jurisdiction to hear the motion and to determine the same; that movant's remedy, if any, was by bill of exceptions to correct any errors of law committed. Second, that if the court had jurisdiction to determine the motion, the same is insufficient in law, and sets forth no reason for setting

aside the judgment complained of.   The court overruled the
motion to dismiss the motion; and after evidence was heard on the
part of the movant, sustaining the allegations in the petition to set
aside the judgment in the habeas-corpus proceeding, and after
hearing evidence from the respondent, who denied the allegations
as to the agreement to continue the case on the 7th, the court
sustained the motion and ordered that the judgment rendered on
March 7, 1921, be vacated and set aside.   To this judgment the
respondent excepted.

*M. B. Eubanks,* for plaintiff in error.

*L. A. Dean* and *F. W. Copeland,* contra.

HILL, J.   (After stating the foregoing facts.)   This case does
not fall within that class in which it has been held that a motion
to set aside a judgment must be based on some defect which ap-
pears on the face of the record (see *Regopoulas* v. *State,* 116 *Ga.*
596, 42 S. E. 1014), but it falls within the class of decisions to
the effect that the judgment of a court of competent jurisdiction
may be set aside by the court which rendered it, for fraud practiced
on the defendant and the court.   Under the act establishing the
city court of Floyd county, that court has authority to grant new
trials in all cases, both civil and criminal, tried therein, under the
same rules and regulations which govern motions for new trial in
the superior courts, so far as applicable.   Acts 1882-3 p. 535, sec.
19.   In *Ford* v. *Clark,* 129 *Ga.* 292 (58 S. E. 818), it was held:
" A judgment founded on a verdict obtained by fraud practiced on
the defendant and the court may be set aside, and the original
case reinstated, in a court of law, with proper pleadings, and with
all the parties at interest as parties to the motion; the motion
being made at the term of the court at which the verdict and judg-
ment were entered, and the movant showing that he was not in
laches, had a meritorious defense, and announcing ready for an
instant trial."   And see *Moore* v. *Moore,* 139 *Ga.* 597 (77 S. E.
820); *Albright* v. *American Central Ins. Co.,* 147 *Ga.* 492 (94
S. E. 561); *Seagraves* v. *Powell Co.,* 143 *Ga.* 572 (3), 579 (85 S.
E. 760).   The Civil Code (1910), § 5957, provides that a motion
in arrest of judgment must be made during the term at which
such judgment was obtained, while a motion to set it aside may be
made at any time within the statute of limitations.   The case of
*Exchange Bank of Macon* v. *Elkan,* 72 *Ga.* 197, is cited by the

plaintiff in error as being controlling here; but the facts of that case are distinguishable from the facts of the case at bar. In that case no answer had been filed, and no name of counsel for the defense had been marked on the docket; and while in that case it appeared that an " understanding " was had between counsel that the case should not be heard until they had been advised, which agreement was not in writing, and although the court held in that case that no agreement of counsel is binding unless in writing, yet the judgment of the lower court, which ordered that the judgment in that case be opened and that the defendant be allowed to plead, was affirmed. In the present case an answer *had* been filed, setting up what the defendant claimed was a perfect defense, and alleging that on the day the plaintiff took judgment in the absence of the defendant, her child and her counsel, who had absented himself on account of the agreement with counsel for the plaintiff to continue the case, the answer was not read by the plaintiff on the trial of the case. Indeed, according to the affidavit of the clerk of the court, the plaintiff's counsel, while securing the papers from the clerk's office for trial, stated to the clerk that he did not need the answer; and so far as the record discloses, the court was not advised of the fact that an answer had been filed, or what the contents of the answer were, or that an agreement had been entered into between counsel touching the continuance of the case. We are of the opinion that the allegations of the petition in the present case, and the proof in support thereof, although conflicting on the question of fraud, fall within the rule laid down in the *Ford* case (supra) ; and consequently that the court did not err in overruling the motion to dismiss the motion to set aside the judgment in the habeas-corpus case, and in ordering that the motion to set aside the judgment be sustained.

The contention that a motion to set aside a judgment in a habeas-corpus proceeding will not lie, is without merit.

*Judgment affirmed. All the Justices concur.*