## HARTSFIELD *v.* TREMONT TEMPLE BAPTIST CHURCH.

1. Where a plaintiff in its petition designates itself as Tremont Temple Baptist Church, and alleges that it is "a duly organized religious society, and that a certificate of said society has been duly filed and recorded in the office of the clerk of the superior court" of the county in which the church is located, this shows a sufficient compliance with the provisions of section 2830 of the Civil Code, which deals with the subject of "societies incorporated," and which contains, among others, the provision that "the said societies shall have recorded the name, style, and objects of their association," in the absence of a special demurrer calling for a more specific statement of the contents of the certificate filed.

2. In the brief of counsel for plaintiff in error it is urged that the petition does not show whether the contract for the purchase of the land is in parol or in writing. As against a general demurrer, it will be assumed that if the contract was required to be in writing there is written evidence of the contract. "Where the allegations of the petition do not affirmatively show that the contract rested merely in parol,

Equity, 21 C. J. p. 435, n. 55.
Frauds, Statute of, 27 C. J. p. 375, n. 80, 81.
Pleading, 31 Cyc. p. 293, n. 99.
Religious Societies, 34 Cyc. p. 1118, n. 11; p. 1197, n. 24.

it will be presumed, upon demurrer, that the contract was in writing." *Crovatt* v. *Baker,* 130 *Ga.* 507 (61 S. E. 127).

3. It is also urged in the brief of counsel for plaintiff in error that one not named as a party to the action was a necessary party defendant, and therefore that the petition is defective for a nonjoinder of a necessary party. This is matter for a special demurrer, and can not be taken advantage of by a general demurrer. "There was no demurrer raising the question of nonjoinder, and a defect of this character can not be taken advantage of by general demurrer." *Ray* v. *Pitman,* 119 *Ga.* 678 (46 S. E. 849).

4. While the petitioner in this case may not have been entitled to all the relief sought, the petition does show that it was entitled to equitable relief to a certain extent; and consequently the court did not err in overruling the general demurrer.

No. 5721.   JANUARY 14, 1927.

Equitable petition. Before Judge Howard. Fulton superior court. October 13, 1926.

*T. J. Ripley,* for plaintiff in error.

*J. E. Garst* and *A. W. White,* contra.

BECK, P. J. Tremont Temple Baptist Church filed an equitable petition against Sam Hartsfield. It is alleged that "petitioner is a duly organized religious society, and that a certificate of said society has been duly filed and recorded in the office of the clerk of the superior court of said county; that in 1919 they [petitioner] bargained for the purchase of a lot, . . the purchase-price of which was $2,600.00, of which amount petitioner paid $400.00 cash; that having confidence in the integrity of Hartsfield, who was a member of that church, it was agreed that Hartsfield should take the bond [for title] in his own name and give his individual note for the balance of the purchase-money payable at the rate of $25.00 per month, to be paid by said church [petitioner]. That in addition to the cash so paid the said defendant has received from the rent of two houses on said lot the sum of $900.00, the exact amount of which he refuses to inform petitioners." Petitioners further charge that "they have had the use of the church building ever since the date of said agreement; that in April, 1926, the said defendant negotiated a new loan on said lot for the sum of $1,272.00 payable to J. H. Hopkins in 1930; that this note covers the entire balance due on the purchase of said lot and any other amount due the defendant;" that "petitioners make no contest as to the validity of the claim of Hopkins to the amount of the loan; that defendant has threatened to interfere with the use

of said church as a house of worship by petitioner, and has advertised the same for rent." Petitioners pray that the defendant be restrained from interfering with petitioners' use of the church as a house of worship, and from any further collection of rent from the houses on the lot. They pray for the appointment of a receiver to take possession of the lot and "to collect the rent from the other property on the same and apply the same to the payment of the Hopkins note; that in the event Hopkins shall refuse to receive any payments of the amount due in advance of the maturity of the note, then that the receiver report to the court what interest he can secure for the deposit in a bank of such amounts that he may collect; and that the defendant account for all the money he has received from rent collections or contributions from any of the members of said church." To this petition defendant filed a general demurrer, which the court overruled, and to this order the defendant excepted.

1. We are of the opinion that the court did not err in overruling the general demurrer. In the brief of counsel for plaintiff in error it is insisted that there is no party plaintiff, neither a natural person nor a corporation; that the name Tremont Temple Baptist Church does not import a corporation. Whether or not the name Tremont Temple Baptist Church would, of itself, import a corporation, that description of petitioner does not stand alone; for it is alleged that it is "a duly organized religious society, and that a certificate of said society has been duly filed and recorded in the office of the clerk of the superior court of said county." And we think that this is sufficient to indicate a compliance with the provisions of section 2830 of the Civil Code, which relates to the incorporation of societies, etc., as against an attack by general demurrer, one of the provisions of the statute cited being that "the said societies shall have recorded the name, style, and objects of their association." The allegation quoted from the petition is that "a certificate of said society has been duly filed and recorded in the office of the clerk of the superior court," etc. Had the defendant filed an appropriate special demurrer to this paragraph of the petition, he would have been entitled to more definite information as to the contents of that certificate; but, as we have said, we think that as against a general demurrer the allegations are sufficient to show plaintiff's right to sue and be sued.

2, 3.    The rulings made in headnotes 2 and 3 require no elaboration.

4.    The petition, as pointed out in the brief of counsel for plaintiff in error, is vague and indefinite throughout, but there is enough in the petition to show that petitioners purchased the lot of land in question and the houses thereon in the year 1919 for church purposes, and that they paid a substantial sum in discharge of the purchase-money; that they allowed Hartsfield, who was a member of the church, to take a bond for title to the lot under the agreement that he should give his individual note for the balance of the purchase-money.    It is indicated that he did this.    And if such was the agreement and the defendant obtained a bond for title to the premises upon the terms stated in this petition, while he was nominally the purchaser of the lot and had acquired an equity therein in his own name, he was not the real owner of the equitable interest, but the rights acquired by him were for the benefit of the church; and when the monthly payments which it was agreed the church should pay, and the rents, the value of which is stated in the petition, have discharged this debt, or the church in some other way pays to Hartsfield and to Hopkins the balance of the purchase-money, then the church, the petitioner in this case, will become the real owner of the property, and in the meantime—certainly so long as the church does not fail to meet its obligations under the contract between it and Hartsfield, it can not be ousted from the property; and if Hartsfield attempts to oust it by renting the premises to a tenant or by preventing its meetings, if there be no default on the part of the church, a court of equity will enjoin him, and to that extent there is equity in the petition.    Whether the plaintiff was entitled to an accounting, or to the appointment of a receiver, need not be decided, under the meager allegations of fact contained in this petition.    But, as we have pointed out, the petition, as against a general demurrer, shows ground for the interference of a court of equity to this extent: that petitioner be protected from interference, by the defendant or any tenant to whom he may seek to rent the premises, with petitioner's use of the property for the purposes for which it was acquired.    And this being true, the petition was not entirely without equity, and the court did not err in overruling the general

demurrer merely because the petitioner was not entitled to all the equitable relief sought.

*Judgment affirmed. All the Justices concur.*