## KENDRICK v. KENDRICK.

ATKINSON, J. 1. Evidence that a wife refused to live in the home of her husband solely because the latter wished his mother to live in the home with them, without showing any specific ground of objection to the mother or other reasons why she should not live with them, will not justify the wife in refusing to live with her husband and will not support a petition for divorce based on alleged three years continued wilful desertion by the husband. See *Perkerson* v. *Perkerson*, 157 *Ga.* 589 (122 S. E. 53).

2. Evidence that after alleged acts of cruel treatment the parties voluntarily renewed their marital relations by living together as husband and wife for one week, and that there was no subsequent cruel treatment upon the part of the husband, shows condonation (*Phinizy* v. *Phinizy*, 154 *Ga.* 199(3), 114 S. E. 185; *Glenn* v. *Glenn*, 152 *Ga.* 793(4), 111 S. E. 378; *Sorrells* v. *Sorrells*, 162 *Ga.* 734, 134 S. E. 767), and will not support a petition for divorce based on alleged cruel treatment.

3. The petition for divorce by the wife in this case being upon the grounds both of wilful and continued desertion for a term of three years as provided in the Civil Code, § 2945(7), and of cruel treatment as provided in § 2946, and the uncontradicted evidence of the wife being substantially as indicated in the preceding divisions, the judge erred in giving the instruction to the jury upon which error is assigned. The instruction referred to was as follows: "Now, as a general rule, the husband has the right to select the home; and unless there is some

good reason to the contrary, the wife must 'go to the home selected by the husband. Plaintiff contends that she would not go to the home selected by her husband, because he insisted on her mother-in-law living in the home with her; and whether there was a valid objection for refusing to go to the home offered by the defendant is for you to determine; and if there was a good objection on the part of this woman as to why she should not go to the home furnished by her husband, then the desertion of the husband was wilful; but if, on the other hand, it was a reasonable and proper place and right and proper for her mother-in-law to live with them, then there was no desertion; but you must bear in mind that there are two grounds for divorce in this case—one, cruel treatment, and one for desertion; and you can find for the plaintiff upon both grounds or upon either, and plaintiff's failure to recover on one ground does not prevent a recovery on the other."

*Judgment reversed. All the Justices concur.*

No. 8214. SEPTEMBER 17, 1931.

*Travis & Travis,* for plaintiff in error. *Aaron Kravitch,* contra.