## ROBINSON *et al. v.* ROBINSON.

ATKINSON, Justice. 1. A judgment rendered by the ordinary of a county in habeas-corpus proceedings instituted by a mother against a father, for custody of their minor children, will bar a similar proceeding instituted by the father against the mother before the judge of the superior court, where there has been no change in the circumstances of the parties. *Porter* v. *McCalley*, 146 *Ga.* 594 (91 S. E. 775, 93 S. E. 405); *Collard* v. *McCormick*, 162 *Ga.* 116 (2) (132 S. E. 757), and cit.; *Sells* v. *Sells*, 175 *Ga.* 110 (165 S. E. 1). Failure of the mother to surrender temporary custody of the children to the father, as required by the judgment of the ordinary awarding custody of the children to her, is not such change of circumstances as will authorize a new proceeding before the judge of the superior court.

2. In the instant case, after the proceedings were instituted before the judge of the superior court, the ordinary on his own motion, without notice to the father, entered a judgment modifying the first as against the father. Both judgments were included in a special plea of res judicata by the mother before the judge of the superior court. The plea was stricken in its entirety. *Held*, that the original judgment of the ordinary was sufficient to bar the proceeding before the judge of the superior court, and it was erroneous to strike the entire special plea. Error in striking the special plea rendered all further proceedings nugatory.                      *Judgment reversed. All the Justices concur.*

No. 11558.  MARCH 9, 1937.

*J. P. Knight,* for plaintiffs in error.