METHODIST EPISCOPAL CHURCH, SOUTH INC. *et al. v.* DECELL *et al.*

DUCKWORTH, Justice. 1. An assignment of error in a bill of exceptions complaining that certain orders and rulings of the trial court were violative of the constitution does not vest jurisdiction in the Supreme Court. *Campbell* v. *Atlanta Coach Co.*, 186 *Ga.* 77 (196 S. E. 769).

2. A motion to revoke and set aside an order of incorporation, on the grounds that the movant had acquired a prior use to the name used by the corporation, that the use of the name by the corporation would cause confusion in the minds of the public and a cloud on the titles of petitioners' property, and that the order of incorporation had been improvidently granted, because movant had not been given notice as provided by the Code, § 22-202, before the order of incorporation, and praying that the order of incorporation be set aside in so far as the use of the name claimed by movant was concerned, is not an equity case within the meaning of that term as used in the Code, § 2-3005, defining the jurisdiction of the Supreme Court. The grounds of the motion are not such as are relievable only in equity. On the contrary, the motion is one to set aside an order of the court on alleged legal grounds. A court of law has jurisdiction to entertain such a motion in a proper proceeding by petition, with rule nisi or process, and to grant the relief prayed. Code, § 24-104 (6) ; *Union Compress Co.* v. *Leffler*, 122 *Ga.* 640 (50 S. E. 483) ; *Ford* v. *Clark*, 129 *Ga.* 292 (58 S. E. 818). Under the foregoing principles, the Court of Appeals, and not the Supreme Court, has jurisdiction.

*Transferred to the Court of Appeals. All the Justices concur:*

No. 12517. FEBRUARY 16, 1939.

528

*G. Seals Aiken* and *Jay D. Bradley,* for plaintiffs in error.
*Walter McElreath,* contra.