## MOON *v.* MOON.

JENKINS, Presiding Justice. 1. "A judgment rendered against a party, either plaintiff or defendant, upon a wholly unauthorized appearance of an attorney, if the act of the attorney be not ratified, will be set aside in a direct proceeding for that purpose, in law or equity, if the party is not guilty of unreasonable delay after notice or knowledge of the judgment; and this relief will be granted irrespective of the solvency of the attorney making the appearance." *Anderson* v. *Crawford,* 147 *Ga.* 455 (94 S. E. 574, L. R. A. 1918 B, 894).

2. In accordance with the foregoing ruling and authority, in which cited case the attorney in the previous suit was not made a party, it follows that a cause of action was set forth by the instant petition, which was filed in the superior court by the plaintiff in a previous divorce action, and seeks to cancel and set aside as void the verdicts and judgment rendered in favor of the defendant on his cross-action for divorce, and which present petition alleged that the divorce petition was filed in the present plaintiff's name without either her knowledge or consent, and that she had not authorized any attorney to bring such suit, and further alleged that she had no knowledge of the verdicts and judgment rendered therein until the soldier allotments to her as the wife of defendant were recently stopped by the government on account of the divorce decree.

(a) Where the only grounds of demurrer to the petition are, (1) that the petition sets out no cause of action; and (2) that the petition does not charge the defendant with "any specific action, fraud or anything," no question is presented as to the necessity of joining, as a defendant, the attorney who filed the previous divorce petition, and who it appears now represents the defendant in the present action in seeking to maintain the previous judgment rendered in the defendant's favor on his cross-action. *Hartsfield* v. *Tremont Temple Baptist Church,* 163 *Ga.* 557 (3) (136 S. E. 550); *Crowley* v. *Calhoun,* 161 *Ga.* 354 (2) (130 S. E. 563). See also Hirsch Brothers & Co. *v.* R. E. Kennington Co., 155 Miss. 242 (124 So. 344, 88 A. L. R. 1 (1, 2), and annotations in 88 A. L. R. 12, 30, 54.

(b) The fact that the present petition, in seeking to annul the judgment which was obtained by the defendant in the former suit, on his cross-action, and which he now seeks to uphold, did not make use of the word "fraud" in attacking the judgment thus obtained by the defendant, is immaterial, since it is the facts alleged, which constitute in effect legal fraud, and not the nomenclature characterizing the private motive of the defendant, that determine the illegal character of his alleged unwarranted procedure. Hirsch Brothers & Co. *v*. R. E. Kennington Co., supra; 37 C. J. S. 374, § 80.

3. The court did not err in overruling the demurrer to the present petition.

*Judgment affirmed. All the Justices concur.*

No. 15282. October 4, 1945.

*Dorsey Davis* and *W. T. Ray,* for plaintiff in error.