PLUNKETT, Warden, *v.* NEAL.

DUCKWORTH, Presiding Justice. 1. A judgment in a habeas corpus proceeding, being reviewable, is conclusive on the question of the legality or illegality of the alleged detention (*Day* v. *Smith*, 172 *Ga*. 467, 157 S. E. 639), but may be set aside, like other judgments, where invalid. *Wright* v. *Martin*, 153 *Ga*. 32 (111 S. E. 190). This may be done by the statutory motion where based on a defect not amendable appearing on the face of the record (Code, § 110-702; *Artope* v. *Barker*, 74 *Ga*. 462; *Regopoulas* v. *State*, 116 *Ga*. 596, 42 S. E. 1014; *Tietjen* v. *Merchants' Nat. Bank*, 117 *Ga*. 501, 43 S. E. 730; *Sweat* v. *Latimer*, 119 *Ga*. 615, 46 S. E. 835; *Drake* v. *Brown Mfg. Co.*, 121 *Ga*. 550, 49 S. E. 590; *Fields* v. *Arnall*, 199 *Ga*. 491, 494, 34 S. E. 2d, 692); such motion being made to the court by which the judgment was rendered, and reasonable notice being given to the opposite party (Code, § 110-707; *Bell* v. *Hanks*, 55 *Ga*. 274 (3); *Jackson* v. *Jackson*, 199 *Ga*. 716, 721, 35 S. E. 2d, 258); or the judgment may be set aside in an independent proper proceeding by petition with rule nisi or process and service upon the necessary parties, where the objection is based on an irregularity not appearing on the face of the record. *Union Compress Co.* v. *Leffler*, 122 *Ga*. 640 (50 S. E. 483); *Ford* v. *Clark*, 129 *Ga*. 292 (58 S. E. 818); *Methodist Episcopal Church, South* v. *Decell*, 187 *Ga*. 526 (1 S. E. 2d, 432); *Simpson* v. *Bradley*, 189 *Ga*. 316, 318 (5 S. E. 2d, 893).

2. The only attempt at pleading in the present instance—being a written "motion" to set aside a judgment rendered in a habeas corpus proceeding, but being without service of any copy or process or rule nisi or other appropriate order of the court—entirely failed to meet the requirements of either of the above-stated proceedings for setting aside a judgment and to call into question the validity of the judgment here. Accordingly, the court did not err in overruling the "motion." *Judgment affirmed. All the Justices concur.*

No. 15650. JANUARY 8, 1947.

*Eugene Cook, Attorney-General, George Hains, Solicitor-General,* and *R. Beverly Irwin, Assistant Attorney-General,* for plaintiff in error.

*Pierce Brothers,* contra.