## 19072. DIXON v. DIXON.

HEAD, Justice. 1. The wife's petition to vacate the divorce decree and reinstate the cause on the trial calendar is not based upon the provisions of Code § 30-101, as amended by section 1 of the act entitled "Revision of Divorce Laws" (Ga. L. 1946, pp. 90, 91), which requires that the motion to vacate shall be filed within thirty days from the date of the decree. The wife's petition is based upon fraud alleged to have been perpetrated upon the court and upon the wife by the husband.

2. A judgment obtained by fraud practiced on the defendant and on the court may be set aside and the original case reinstated in a court of law, with proper pleadings and with the parties at interest as parties to the motion, the motion being made at the term of court at which the judgment was entered, and the movant showing that he had a meritorious defense and is ready for an instant trial. *Ford* v. *Clark*, 129 *Ga.* 292 (58 S. E. 818). See also *Mobley* v. *Mobley*, 9 *Ga.* 247 (5); *Union Compress Co.* v. *Leffler & Son*, 122 *Ga.* 640 (50 S. E. 483); *Roberts* v. *Roberts* 150 *Ga.* 757 (105 S. E. 448); *Wright* v. *Martin*, 153 *Ga.* 32, 35 (111 S. E. 190); *Methodist Episcopal Church, South* v. *Decell*, 187 *Ga.* 526 (1 S. E. 2d 432); *Ketchem* v. *Ketchem*, 191 *Ga.* 140, 141 (11 S. E. 2d 788); *Moon* v. *Moon*, 199 *Ga.* 808 (35 S. E. 2d 439); *Plunkett* v. *Neal*, 201 *Ga.* 752 (41 S. E. 2d 157). The wife's motion in the present case contained every essential allegation under the rule herein stated.

3. When there has been a "voluntary condonation and cohabitation subsequently to the acts complained of and with notice thereof," no divorce shall be granted. Code § 30-109; *Odom* v. *Odom*, 36 *Ga.* 286, 318; *Phinizy* v. *Phinizy*, 154 *Ga.* 199 (3) (114 S. E. 185); *Lowry* v. *Lowry*, 170 *Ga.* 349, 354 (153 S. E. 11, 70 A. L. R. 488); *Brinson* v. *Brinson*, 201 *Ga.* 540 (40 S. E. 2d 535).

(a) "Sexual intercourse is not an essential element of condonation, although it is conclusive evidence thereof." *Phinizy* v. *Phinizy*, supra; *Kendrick* v. *Kendrick*, 173 *Ga.* 434 (160 S. E. 502); *Duncan* v. *Duncan*, 184 *Ga.* 602 (192 S. E. 215).

4. At the hearing upon the rule nisi, on the motion to vacate the decree and reinstate the cause, the wife testified that her husband assured her that the divorce case had been dismissed, and that in July, 1954, they went back together and lived together as husband and wife until the date of the divorce decree. The husband did not testify. The testimony of the wife demanded a finding that the decree in favor of the husband had been procured by fraud, since there could be no divorce between the parties under the uncontradicted testimony of the wife. *Johnson* v. *Johnson*, 210 *Ga.* 795 (82 S. E. 2d 831).

5. The representations by the husband as to the status of the parties at a time prior to the divorce decree would be germane on the issue of fraud. Evidence of such representations was improperly excluded.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1955—DECIDED OCTOBER 10, 1955.

870

*George C. Kennedy,* for plaintiff in error.

*H. H. Revill, W. S. Allen,* contra.