### 19625. WALLACE *v.* WALLACE *et al.*

HAWKINS, Justice. The husband's equitable petition in this case, filed on May 23, 1955, is based upon fraud alleged to have been perpetrated upon the court and upon the husband by the wife and her counsel in a divorce and alimony suit, brought by an alleged insane wife against her husband and filed at a time while the parties were cohabiting as husband and wife, in which he seeks to have the defendants restrained and enjoined from levying on or attaching any of his property, or from enforcing said decree in any manner whatsoever. The petition specifically alleges: that, on July 22, 1954, the wife filed a petition for divorce; that, on August 10, 1954, a rule nisi hearing was had; that the husband, hoping to become reconciled with his wife, agreed in open court to pay a reasonable sum for her support and for her to have the temporary

exclusive use of the house they were both then living in, which he owned, and the trial judge entered an order awarding the wife temporary use of the house and $125 per month temporary alimony; that the husband moved his belongings out of their common marital abode, and took up a more or less temporary residence elsewhere; that the husband abided by said temporary order of court, continued to see his wife at frequent intervals, and discussed with her the matter of reconciliation; that the wife's attorney, J. V. Malcolm, Jr., told the husband's attorney, Mrs. Ruby Poole, that he was submitting offers of settlement and reconciliation to his client and that he would give the husband's attorney a definite answer before he would stipulate the case for trial; that the wife represented to the husband that she still loved him and was sorry she filed the action; that they were going to be able to work out any differences; that she did not want a divorce; and that she was going to dismiss the action; that they became reconciled and cohabited together as husband and wife after the rule nisi hearing; that, on or about March 15, 1955, the wife stated to the husband that she had not been to court since the temporary alimony hearing; that, on or about May 22, 1955, the husband discovered that on February 24, 1955, the wife and her attorney had, in violation of the wife's promise to dismiss the suit, perpetrated a fraud upon him, his attorney, and the court by obtaining a final decree of divorce and alimony, which decree was obtained without the husband's knowledge, and without a jury, and which provided for the wife to receive an increase in alimony from $125 to $135 per month, $150 additional attorney fees, real estate valued at $18,000, and $5,000 cash to be paid on May 24, 1955, ninety days from date of final decree. The prayers of the petition were "that the defendants be restrained and enjoined from levying on or attaching any of your petitioner's property, or from enforcing said decree in any manner whatsoever; [and] that said decree be declared null and void and be set aside." *Held:*

1. Counsel for defendants in error contend that the petition as amended does not set forth either a cause of action or enough to amend by, and that if count II of the petition does set forth a cause of action, it seeks to add a new and distinct cause of action contrary to Code § 81-1303. With these contentions we do not agree. The original petition in this case

complies with Code § 81-1302, which says that "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, shall be enough to amend by." And "An amendment to a petition which, properly construed, is merely an amplification of the original petition, setting forth additional facts explanatory of the cause of action therein set forth, is allowable." *Woodley* v. *Coker*, 119 *Ga.* 226 (5) (46 S. E. 89). As we construe count II of the petition in this case, which was added by amendment, it does not attempt to state a new and distinct cause of action, but merely sets up additional grounds or reasons why a court of equity should grant the relief sought. *Robertson* v. *Robertson*, 196 *Ga.* 517 (26 S. E. 2d 922); *Harrell* v. *Parker*, 186 *Ga.* 760 (2) (198 S. E. 776); *Cooper* v. *Mims*, 204 *Ga.* 357 (49 S. E. 2d 824); *Mills* v. *Mills*, 150 *Ga.* 782 (105 S. E. 357); *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (5) (48 S. E. 318); *Reed* v. *White*, 207 *Ga.* 623 (3) (63 S. E. 2d 597).

2. "A general demurrer to a petition will not be sustained if the facts entitle the plaintiff to any of the substantial relief prayed." *Arteaga* v. *Arteaga*, 169 *Ga.* 595 (4) (151 S. E. 5).

3. "The judgment of a court of competent jurisdiction may be set aside, by the court which rendered it, for fraud and irregularity." *Mobley* v̂. *Mobley*, 9 *Ga.* 247 (5).

4. "All proceedings of every kind in any court of this State to set aside judgments or decrees of the courts, shall be made within three years from the rendering of said judgments or decrees." Code § 3-702. See *Wright* v. *Martin*, 153 *Ga.* 32, 35 (111 S. E. 190).

5. "When there has been a 'voluntary condonation and cohabitation subsequently to the acts complained of, and with notice thereof,' no divorce shall be granted. Code § 30-109." *Dixon* v. *Dixon*, 211 *Ga.* 869 (3) (89 S. E. 2d 473).

6. In *Haygood* v. *Haygood*, 190 *Ga.* 445 (5) (9 S. E. 2d 834, 130 A.L.R. 87), this court held: "The allegations as to repeated statements of the husband to the wife after suit for divorce was filed, and continued cohabitation in recognition of the marital relations until the husband informed the wife of the decree, were sufficient as grounds of fraud for setting aside in equity the decree of divorce." And in *Johnson* v. *Johnson*, 210 *Ga.* 795, 799 (82 S. E. 2d 831), we again held: "The alle-

gations in the instant case—that after the filing of the suit on the part of the defendant, the parties resumed their marital relations and lived together as husband and wife; that the wife told the husband that the divorce suit 'did not amount to anything, that everything was "O. K.," that the case had been settled and nothing more would be heard from it'; that 'the divorce and equitable proceedings had been abandoned and that it was not necessary for him to file any plea or answer and that there would be no trial of the case and that said case would be dismissed by her'; and that she subsequently, without notice to or knowledge on his part obtained a divorce decree and a judgment awarding her alimony and title to the property in dispute—were sufficient to set forth a cause of action on the ground of fraud."

7. Taking the allegations of the petition in the case now under consideration to be true, as must be done on demurrer, and applying the foregoing principles of law, a cause of action was stated, and the trial judge erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. All the Justices concur.*

ARGUED FEBRUARY 12, 1957—DECIDED MARCH 12, 1957.

*Louis M. Tatham, Grace W. Thomas, Ruby Poole,* for plaintiff in error.

*James A. Branch, Thomas B. Branch, Jr.,* contra.