37984.   CRAWFORD *v.* SUMERAU:

DECIDED JANUARY 15, 1960.

*Cornelius B. Thurmond, Jr., Sanders, Thurmond & Hester,* for plaintiffs in error.

*Claud R. Caldwell, Samuel E. Tyson,* contra.

FELTON, Chief Judge. 1. "In all cases where the plaintiff has commenced suit for recovery of a debt, and the defendant, during the pendency of such suit, shall become subject to attachment, the plaintiff may have an attachment against the defendant, and all the proceedings in relation to the same shall be as prescribed in relation to attachments where no suit is pending. A satisfaction of the judgment in the common law action shall satisfy the judgment in attachment and a satisfaction of the judgment in attachment shall satisfy the judgment in the common law action." Code § 8-104. "The rule requiring plaintiff to elect shall not apply to . . . an attachment sued out pendente lite; but the judgment in the case against the person shall set out the fact of its identity with the proceedings against the property." Code § 3-605. The motion to set aside the judgment in attachment contains allegations sufficient to show that said judgment was rendered in favor of a different party (Sumerau) from the plaintiff in the amended action for recovery of the debt itself (Sumerau & Davis, d/b/a Auto Wholesale). It is therefore apparent that a satisfaction of the judgment in the action on the debt will not in law satisfy the judgment in the attachment proceeding as contemplated in Code § 8-104. Since the attachment was brought pendente lite, judgment therein should be in favor of the same parties and upon the same cause of action as the pending suit, otherwise the exception contained

in Code § 3-605 would not apply. The attachment is prosecuted in the name of a natural person and not in the name of a legal entity which imports a partnership. Cf. *Underwriters at Lloyds* v. *Strickland*, 99 *Ga. App.* 89, 90 (107 S. E. 2d 860) and citations. In the absence of waiver or estoppel, the affidavit in attachment is not amendable by substituting the name of the partnership for the individual, nor would it support a declaration brought in the name of the partnership. *Holston Box & Lumber Co.* v. *Vonberg & Bates*, 34 *Ga. App.* 298 (2) (129 S. E. 562) and cases cited. The declaration recites that the attachment was obtained in aid of a pending suit for the recovery of a debt and therefore the court in passing on the motion to set aside the judgment could properly consider matters appearing on the face of the record in the main action. Since the variance in parties appears on the face of the pleadings and is not amendable, the motion to set aside the judgment was not subject to general demurrer. Code § 110-702. Even if the proceedings in the common-law action cannot be considered a part of the record in the attachment proceedings, a motion to set aside a judgment may be predicated on an irregularity not appearing on the face of the record. The following citations represent the oldest and most authoritative rulings on the subject though there are many to the contrary: *Mullis* v. *Bank of Chauncey*, 40 *Ga. App.* 582 (150 S. E. 471); *Lyons* v. *State*, 7 *Ga. App.* 50 (66 S. E. 149); *Benford* v. *Shiver*, 13 *Ga. App.* 135 (78 S. E. 860); *Chambless* v. *Oates Plumbing &c. Co.*, 97 *Ga. App.* 80 (102 S. E. 2d 83); *Mobley* v. *Mobley*, 9 *Ga.* 247; *Griffin* v. *Sketoe*, 30 *Ga.* 300; *Dugan* v. *McGlann*, 60 *Ga.* 353; *Regopoulas* v. *State*, 116 *Ga.* 596 (42 S. E. 1014); *Ford* v. *Clark*, 129 *Ga.* 292 (58 S. E. 818); *Union Compress Co.* v. *Leffler & Son*, 122 *Ga.* 640 (50 S. E. 483); *Simpson* v. *Bradley*, 189 *Ga.* 316 (5 S. E. 2d 893); *Jackson* v. *Jackson*, 199 *Ga.* 716 (35 S. E. 2d 258); *Plunkett* v. *Neal*, 201 *Ga.* 752 (41 S. E. 2d 157); *Dixon* v. *Dixon*, 211 *Ga.* 869 (89 S. E. 2d 473); *Wallace* v. *Wallace*, 213 *Ga.* 96 (3) (97 S. E. 2d 155).

The plaintiff contends that the defendant is estopped from setting up such variance since he has given a replevy bond. This bond was given some time prior to the amendment which

changed the plaintiff in the action on the debt from an individual to a partnership, and the defendant took no further action in the attachment proceeding subsequent to this amendment. We therefore have a different situation from the estoppel appearing in *Busby & Son* v. *Elliott,* 22 *Ga. App.* 391 (2) (95 S. E. 1014), and this contention is without merit. It is further argued that the defendant is now estopped because he consented to the amendment of parties in the action on the debt. However, this fact does not appear from the motion itself and consequently this matter is not properly raised by general demurrer thereto.

2. It is further contended that the demurrer to the motion to set aside the judgment should be sustained because said motion fails to set forth fully the proposed defense and the facts constituting it. Such allegations are unnecessary where the judgment is absolutely void. *Henderson* v. *Swift Fertilizer Works,* 16 *Ga. App.* 448 (1) (85 S. E. 613); *Pryor* v. *American Trust &c. Co.,* 15 *Ga. App.* 822 (2) (84 S. E. 312). Since the allegations set forth above will, if properly substantiated, render the judgment in the attachment proceeding void, any such defect in the defendant's motion is not fatal.

3. Other grounds in the defendant's motion to set aside the judgment include insufficient description of the property attached, failure to plead how the alleged debt arose, allowance of the amendment increasing the amount of damages claimed after the eventual condemnation money bond had been filed and failure to serve defendant with a copy of same or to allow for demurrer or objection thereto. After careful examination, we are convinced that these matters represent amendable defects or mere irregularities and are therefore not proper grounds upon which the judgment may be set aside. Code § 110-705; *Johnston* v. *Sheppard,* 22 *Ga. App.* 206, 207 (95 S. E. 743); *Kolb* v. *Cheney,* 63 *Ga.* 688.

For the reasons stated in division 1 the court erred in sustaining the general demurrer to the motion to set aside the judgment in the attachment proceeding.

*Judgment reversed. Quillian and Nichols, JJ., concur.*