### 20985.   HACKNEY v. TENCH *et al.*

QUILLIAN, Justice.   By a written agreement between a husband and his wife, in contemplation of their divorce pending in the Superior Court of Fulton County, their two minor children, of the ages of three and five years, were to be placed in the permanent custody of their paternal aunt and her husband.   This agreement was incorporated in and made a part of the divorce decree entered on February 8, 1955; but, on the mother's petition, filed in the same court on December 14, 1958, in which it was alleged that the former husband and the paternal aunt and her husband had secretly conspired to defraud her of the custody of her children and had fraudulently induced her to sign the custody agreement, and such fraud was not discoverable by any degree of diligence on her part until it was revealed in a proceeding for contempt brought against her former husband by the paternal aunt and her husband on July 25, 1958, that part of the divorce decree purporting to award custody to the paternal aunt and her husband was set aside for fraud in the procurement of the custody agreement.   In this proceeding to set aside the custody award, it appeared that the former husband, as the defendant, and the paternal aunt and her husband named as parties at interest, were residents of DeKalb County, and each was personally

served by a deputy sheriff of that county with a copy of the mother's petition and a rule nisi. The paternal aunt and her husband made special appearances to plead the court's lack of jurisdiction, but also entered pleas of the statute of limitations. The former husband appeared and consented to the judgment setting aside the custody award. In its order, which recites each of the foregoing facts, the trial court stated: "The court is informed that said children are presently residents of DeKalb County, Georgia, and therefore makes no disposition as to their custody." To this judgment, entered on November 20, 1959, no exception was taken. On September 12, 1959, the father, in the form of an affidavit, expressly relinquished and renounced his parental rights in the children to the mother, and consented to their adoption by her present husband. On the mother's petition for habeas corpus, in two counts, brought, on March 23, 1960, in the Superior Court of DeKalb County, against the paternal aunt and her husband, the trial court entered an order, the essential provisions of which are these: "After considering the pleadings and the stipulations of fact and documentary evidence, and hearing argument of counsel, the court is of the opinion that the decree entered in Fulton Superior Court [the decree of November 29, 1959] . . . is not binding upon the defendants, they not being parties thereto. . . The court therefore finds, as to Count One . . . that the detention of plaintiff's children . . . by the defendants is not illegal; and the custody of said children is ordered continued in the defendants. As to Count Two . . . the court is of the opinion that the proposed removal of said children [by the defendants] to the State of Alaska . . . for the term of the military duty of the defendant Linton Lamar Tench, in that area [three years] does not constitute such a change of condition as to warrant a change of custody to the plaintiff; nor does the alleged change of status of the parties by virtue of the Fulton County decree [of November 20, 1959] . . . constitute such a change of condition, in view of the fact that the defendants were not parties to the Fulton County decree. It does appear, however, that such removal will seriously impair, and as a practical matter almost eliminate, the visitation rights of plaintiff with her children as granted by order of this court of

January 6, 1959 [in a habeas corpus proceeding fixing visitation rights of the mother], the distance and expense rendering such visits impracticable, if not prohibitive. . . The court finds that, to this extent, there does exist a change of condition sufficient to warrant the superseding of the order of January 6, 1959, with a new order revising the visitation rights of the plaintiff. It is therefore ordered, as to Count Two . . . that the custody of said children be continued in the defendants, but that the plaintiff shall have custody of said children from July 1st through August 31 of each year, beginning July 1, 1960, provided she arranges transportation to and from Georgia, and pays the expenses thereof. . . The court enters this order without specifically passing upon the defendants' plea of res judicata or demurrers, the court being of the opinion that the controlling question as to Count One . . . is the validity of the order of Fulton Superior Court of November 20, 1959. This May 6, 1960." Error is assigned on this judgment for reasons enumerated in the writ of error. *Held:*

1. Courts of law have jurisdiction to set aside their own judgments upon petition with rule nisi or process attached and filed after the term at which the judgment was rendered upon the ground that such judgment was procured by fraud or other irregularity that renders it voidable. *Union Compress Co. v. A. Leffler & Sons,* 122 Ga. 640 (50 S. E. 483) ; *Davis v. Albritton,* 127 Ga. 517 (56 S. E. 514, 8 L. R. A. (NS) 820, 119 Am. St. Rep. 352) ; *Methodist Episcopal Church, South v. Decell,* 187 Ga. 526 (1 S. E. 2d 432) ; *Wallace v. Wallace,* 213 Ga. 96 (97 S. E. 2d 155) ; *Mobley v. Mobley,* 9 Ga. 247 (5).

2. "All proceedings of every kind in any court of this State to set aside judgments or decrees of the courts, shall be made within three years from the rendering of said judgments or decrees," (*Code* § 3-702; *Wright v. Martin,* 153 Ga. 32, 35, 111 S. E. 190) ; but, "if the defendant . . . shall have been guilty of a fraud by which the plaintiff shall have been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud." *Code* § 3-807; *Warnock v. Warnock,* 206 Ga. 548 (57 S. E. 2d 571).

3. All parties to a judgment should be made parties to a proceeding to vacate, open, or set it aside, including those who

may have acquired interests in the judgment, or under it, and therefore have an interest in maintaining it. *Saliba v. Saliba,* 202 Ga. 279 (6), 286 (42 S. E. 2d 748); *Blaisdell v. Bohr,* 68 Ga. 56 (3); *Henderson v. Napier,* 107 Ga. 342, 344 (33 S. E. 433); *Bond v. Hunt,* 135 Ga. 733 (70 S. E. 572); *Flinn v. Flynn,* 210 Ga. 280 (79 S. E. 2d 534).

4. While third persons to whom minor children have been awarded in a proceeding by the parents for divorce are not to be considered parties to the divorce proceeding (*Girtman v. Girtman,* 191 Ga. 173 (2), 178, 11 S. E. 2d 782, 786), and have no natural or property rights respecting the custody of the children as against either of the children's parents (*Sloan v. Jones,* 130 Ga. 836, 855, 65 S. E. 21), such a decree, although not conclusive under a change of circumstances (*Sells v. Sells,* 172 Ga. 911, 159 S. E. 237; *Shields v. Bodenhamer,* 180 Ga. 122, 178 S. E. 294), is a permanent award of the custody of the children (*Goodloe v. Goodloe,* 211 Ga. 894, 897, 89 S. E. 2d 654, and citations; *Young v. Pearce,* 212 Ga. 722, 95 S. E. 2d 671), and of such finality as to vest the legal right of custody of the children in them and create in them an interest in maintaining the decree to such an extent as to require that they, under the principle stated in division 3 of the syllabus, be made parties to and served with notice of any proceeding seeking to set aside such decree. See, in this connection, *Robinson v. Robinson,* 184 Ga. 16 (2) (190 S. E. 351), where in a habeas corpus proceeding the ordinary attempted to amend an award of custody without notice, and *Crowell v. Crowell,* 190 Ga. 501 (9 S. E. 2d 628), where it is held that one having legal custody of children may be compelled to produce the children in court, though no longer having their physical custody.

5. Where, under such circumstances as have already been indicated, the paternal aunt and her husband, named as parties at interest, are served with copies of the petition to set aside the decretal award of the children to them, and are served with a copy of the court's order to show cause why the decree should not be set aside, and they appear, pleading the statute of limitations and pleading to the jurisdiction of the court over them for lack of process; and, on their motion, are dismissed as parties at interest for lack of process, to which no exception is taken, such ruling—importing that the paternal

aunt and her husband, being necessary parties to the proceeding were not properly before the court—whether right or wrong, became conclusive, *Code* § 110-501; and they are not bound by the judgment setting aside the original decree for fraud, which did not appear on the face of the record. See *Whaley v. Whaley,* 208 Ga. 323 (3), 325 (66 S. E. 2d 722), and cases there cited.

6. Under these indicated circumstances, the trial Judge of the Superior Court of DeKalb County, in the subsequent habeas corpus proceeding, did not err in holding that the detention of the plaintiff's children by the defendant paternal aunt and her husband was not illegal, and in continuing such custody of the children in them; nor did he, under the evidence presented, abuse his discretion in holding that the proposed removal of the children to the State of Alaska for the term of the foster father's military assignment there was not such a change in circumstances as to necessitate a change of custody from the paternal aunt and her husband to the mother. *Pruitt v. Butterfield,* 189 Ga. 593 (6 S. E. 2d 786); *Willingham v. Willingham,* 192 Ga. 405 (15 S. E. 2d 514); *Blackstock v. Blackstock,* 208 Ga. 837 (69 S. E. 2d 770).

*Judgment affirmed. All the Justices concur.*

Argued September 15, 1960—Decided November 10, 1960—
Rehearing denied November 22, 1960.

*James R. Venable, Essley B. Burdine, Margaret Hopkins,* for plaintiff in error.

*John E. Feagin,* contra.