### 34044. KING v. KING.

MARSHALL, Justice.

The appellant husband was personally served with his appellee wife's divorce petition on December 28, 1977. He filed no defensive pleadings, made no appearance, and did not demand a jury trial. He did not appear for a hearing scheduled on March 29, 1978, of which he had notice, nor did he appear at the final hearing on April 3, 1978, which had been rescheduled from March 29 and of which the appellant claims to have had no notice. A final divorce decree was signed by the judge on April 3, entered on April 14, and served on the appellant on April 16.

On April 29, the appellant filed a motion to set aside the divorce decree and for a new trial, alleging as the basis therefor that when he was served with the divorce petition, he was living with the appellee, who assured him that she was not seeking a divorce and that the petition would be dismissed; that when he received notice of the March 29 hearing, he was still living with the appellee, who assured him that the notice was a mistake and that the divorce petition had been dismissed; that the parties

continued living together, and the appellant, relying on his wife's statements that the petition had been dismissed, made no appearance in court and filed no defenses; that the appellee had perpetrated a fraudulent scheme on him by making the aforesaid misrepresentations in order to present an undefended divorce and alimony case to the court; and that the judgment—which is contrary to the principles of justice and equity, and obtained by the appellee's fraud—should be set aside and a new trial granted.

The appellee filed a response, admitting the granting of the divorce decree, but denying all other allegations of the appellant. At the hearing on the motion, the appellant's testimony was in irreconcilable conflict with that of the appellee, which was, substantially, that when the divorce papers were served on the appellant, he read them and acted as though "it was something funny"; that he had stated that it was the best thing for both of them and that it should have happened 20 years earlier; that he had subsequently gone to Florida, stating his intention of staying there if he found a job there; that he had returned from Florida on February 6; that at no time had she told the appellant that she was not going to pursue the divorce action; that on one occasion he had reminded her that the divorce hearing was to be held the next week; that she had replied that she didn't want to go, as she really did not want a divorce, to which he had answered, "Hell, don't call it off, I was looking forward to it," and even offered to pay for it; that, while the divorce suit was pending, the appellant withdrew money from his savings account and purchased a one-year certificate of deposit, which he apparently used as collateral, together with a note and deed to secure debt from one Major, to borrow money for a business venture, which note and security deed from Major were subsequently awarded to the appellee in the divorce decree. There was also testimony that, although the appellant did not receive notice of the change of the hearing date, he wouldn't have been there anyway (according to his counsel); that the appellant had not retained an attorney to represent him in the divorce proceeding, and never checked the divorce papers at the courthouse.

The trial judge denied the motion to set aside the judgment and for a new trial, from which the defendant appeals. *Held:*

A motion to set aside a judgment must be predicated upon some nonamendable defect which appears on the face of the record or pleadings, or upon lack of jurisdiction. Code Ann. § 81A-160 (d) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138). Since neither of these conditions exists in the present case, such a motion was not appropriate.

Neither would the motion set out a valid ground for attacking the judgment if treated as a complaint in equity to set it aside. Under the provisions of Code Ann. § 81A-160, supra, (e), the fraud, accident or mistake, or the acts of the adverse party must have been "unmixed with the negligence or fault of the complainant." The evidence at the hearing, set out hereinabove, provided ample justification for the trial judge, sitting as the trior of facts and credibility of witnesses, to find negligence and/or fault on the part of the appellant. Cases cited by the appellant dealing with fraud in divorce cases, are inapposite here. *Johnson v. Johnson,* 210 Ga. 795, 799 (3) (82 SE2d 831) (1954) and cits., involved rulings on demurrers, and *Dixon v. Dixon,* 211 Ga. 869 (2) (89 SE2d 473) (1955), involved *uncontradicted* evidence, which this court held demanded a verdict finding that the judgment had been procured by fraud. There was no evidence in the hearing on the motion to set aside the judgment in the present case which demanded a finding that the divorce decree was obtained by fraud. The appellant waived notice of the final divorce hearing by failure to file any defensive pleadings. (Code Ann. § 81A-105 (a); Ga. L. 1966, pp. 609, 615; 1967, pp. 226, 229), and the evidence does not show that there was such a relationship of trust and confidence between the parties so as to impose upon the appellee a duty to give the appellant notice.

If the motion, filed within 30 days of the judgment, be considered a motion for new trial (Code Ann. § 81A-160, supra, (c)), we must assume, absent a transcript of the divorce case trial, that the judgment is authorized by evidence.

Accordingly, the denial of the appellant's motion was

not error.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 20, 1978 — DECIDED
JANUARY 4, 1979.

*Robert E. Andrews,* for appellant.

*Thompson, Fox & Brinson, Robert B. Thompson,* for appellee.