58301. FIRST NATIONAL BANK OF COBB COUNTY v. UNIFORM RENTAL SERVICE, INC.

SHULMAN, Judge.

Appellant secured a judgment against G. Neal Ellis, Jr. (not a party to this appeal) and filed a garnishment action against appellee. More than 60 days after the service of the summons of garnishment on appellee, default judgment was entered in favor of appellant. On the same day the default judgment was entered, appellee filed its answer, submitting (along with its answer) payment of an amount admittedly owing to the judgment debtor (Ellis). Thereafter, appellant attempted to collect the funds paid into the court, apparently proceeding under Code Ann. § 46-510. In response to appellant's actions, appellee filed a motion pursuant to Code Ann. § 81A-160 (d) to set aside appellant's default judgment, alleging that by electing to proceed under § 46-510,

appellant had accepted appellee's answer and had surrendered its default judgment. See generally 28 CJS 1056, Election of Remedies, § 19. This appeal follows the final judgment of the trial court, holding in accordance with appellee's contentions that appellant's actions constituted a relinquishment of its judgment rendering the court's default judgment a nullity for lack of personal jurisdiction. For the reasons set forth below, we reverse.

Regardless of whether or not an "election" had been made by appellant (by its alleged acceptance of appellee's late answer, which election, appellee argues, voided appellant's default judgment), that election, without more, could not retroactively deprive the court of jurisdiction over the defendant in the default judgment. For a general definition of personal jurisdiction, see 21 CJS 111, Courts, § 73. See also *Allen v. Alston,* 141 Ga. App. 572 (234 SE2d 152).

Since, pursuant to Code Ann. § 81A-160 (d), a motion to set aside a judgment must be predicated upon some nonamendable defect which appears on the face of the record or pleadings (which appellee does not contend) or upon lack of jurisdiction; and since neither of these conditions exists in the present case, such a motion was not appropriate. This being so, the court improperly granted appellee's motion to set aside. *King v. King,* 242 Ga. 770, 772 (251 SE2d 516). See also *Boston Sea Party v. Bryant Lithographing Co.,* 146 Ga. App. 294 (1) (246 SE2d 350).

*Judgment reversed. Deen, C. J., concurs. Carley, J., concurs in the judgment only.*

Submitted September 4, 1979 — Decided October 18, 1979.

*David Alexander Sellers,* for appellant.
*Ronald K. Owen,* for appellee.